# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ANDRES DUARTE, individually, and on behalf of all others similarly situated,<br><br> Plaintiff,<br><br>v.<br><br>GLOBAL CREDIT & COLLECTION CORPORATION,<br><br> Defendant. | Case No. 1:20-cv-06339 |

## COMPLAINT

**NOW COMES** Plaintiff, ANDRES DUARTE, individually, and on behalf of all others similarly situated, through undersigned counsel, complaining of Defendant, GLOBAL CREDIT & COLLECTION CORPORATION, as follows:

## NATURE OF THE ACTION

1. This action is brought pursuant to Fed. R. Civ. P. 23 by Plaintiff, individually, and on behalf of all others similarly situated, seeking redress for Defendant's violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

4. ANDRES DUARTE ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 332 49th Avenue, Bellwood, Illinois 60104.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

1

6. GLOBAL CREDIT & COLLECTION CORP. ("Defendant") is a corporation organized and existing under the laws of the state of Delaware.

7. Defendant maintains a principal place of business at 4839 North Elston Avenue, Chicago, Illinois 60630.

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9. Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

10. On or about April 10, 2018, Debtor purchased a 2012 Jeep Compass (the "Vehicle"); financing the purchase through BMO Harris Bank, N.A.

11. However, Plaintiff's financial situation changed, Plaintiff defaulted on payments, and the Vehicle was repossessed in 2019.

12. The Vehicle was resold, and the proceeds credited to Plaintiff's balance – resulting in an $9,647.53 deficiency.

13. Plaintiff's $9,647.53 deficiency balance is a "debt" as defined by 15 U.S.C. § 1692a(5).

14. On or before September 7, 2020, Plaintiff's $9,647.53 account balance was referred for collection.

15. Defendant mailed Plaintiff a letter, dated October 5, 2020 (the "Letter"), which stated:

| | |
|---:|:---|
| **Creditor:** | **BMO HARRIS BANK N.A.** |
| **Product:** | **Indirect Auto** |
| **Card Number Ending In:** | **\*\*\*\*\*\*\*\*\*\*8230** |
| **GlobalID:** | **38206284** |
| **Balance:** | **$9,647.53** |
| **Web Password:** | **jznpma** |

Dear ANDRES DUARTE:

Your BMO HARRIS BANK N.A. account remains outstanding with Global Credit & Collection Corp. We understand that you may be going through some financial hardship, and as such, we are willing to offer you one of the following options to help you resolve this issue.

Please note that the offers listed below will expires within 10 days of the date on this letter.

OPTION 1
We understand that you might be experiencing hardship. We might be able to save you up to 50% off the outstanding balance. To realize this opportunity, you must contact our office and speak with one of our agents to qualify.

OPTION 2
If you have intentions to pay off this account but are not in the current position to settle the account, please do not be discouraged. We want to do everything in our power to help you resolve this debt; even if that means making small monthly payments until you are able to resolve the matter in full. Call us today to arrange a satisfactory payment arrangement.

For your convenience, please visit our self-service website at https://servicing.globalcollection.net. Once logged in you will have several options such as setting up a payment and viewing account details. Use your Global ID and web password as provided above.

Sincerely,

Allan Duarte
1-866-279-7956

For TTY (Teletype) services, please dial 711 and ask to be connected to 1-866-279-7956.

All calls may be recorded for quality and training purposes.

This communication is from a debt collector. This is an attempt to collect this debt and any information obtained will be used for that purpose.

16. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

17. The Letter provides an opportunity to "*save [ ] up to 50% off the outstanding balance*."

3

18. The Letter's offer(s) are in the idiom of limited-time or one-time sale offers, clearance sales, going-out-of-business sales, and other temporary discounts – creating false sense of urgency and seeking to pressure Plaintiff into accepting Defendant's offer(s) – in fear that he will have no further chance to settle his debt for less than the full balance.

19. The Letter **did not** say "*[w]e are not obligated to renew any offers provided.*"

20. Without this phrase, the Letter's time-sensitive deadlines only amplified and emphasized Defendant's message that Defendant's offers were truly time bound.

21. The Letter did say "*Please note that the offers listed below will expires within 10 days of the date on this letter.*"

22. On information and belief, however, Defendant's offer was not limited to just 10 days; was perpetual; and was likely to be "re-extended" to Plaintiff in the future.

23. The Letter's demand for Plaintiff to call within 10 days created false sense of urgency to accept Defendant's settlement offer(s) as quickly as possible.

## DAMAGES

24. Congress enacted the FDCPA to rein in certain "evils" associated with debt collection," *Bentrud v. Bowman, Heintz, Boscia & Vician, P.C.*, 794 F.3d 871, 874 (7th Cir. 2015), because existing legal remedies were, in its judgment, "inadequate to protect consumers." 15 U.S.C. § 1692(b).

25. To address those practices, the FDCPA imposes a "rule against trickery." *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 473 (7th Cir. 2007); see also O'Rourke v. Palisades Acquisition XVI, LLC, 635 F.3d 938, 941 (7th Cir. 2011) (noting that the FDCPA's prohibitions "keep consumers from being intimidated or tricked by debt collectors").

26. The statute thus gives debtors a right to receive accurate information, which they can enforce against debt collectors by bringing suit under the FDCPA. *See Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757 (7th Cir. 2009) ("The [FDCPA] is designed to provide information that helps consumers to choose intelligently ... .").

27. The value of receiving truthful information about one's financial affairs—and the ill effects of receiving misleading information—may be hard to quantify, especially where, as here, Plaintiff did not act upon the misinformation.

28. But being misled in violation of an anti-trickery statute like the FDCPA is a concrete harm, nevertheless. *See Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373-74, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982) (holding that a plaintiff "who has been the object of a misrepresentation made unlawful" by federal statute suffered an injury in fact and thus had Article III standing).

29. The Letter deceived Plaintiff into believing, *inter alia*, that once 10 days passed, he'd would lose the ability to satisfy his account for less than the amount owed

30. Concerned with having had his rights violated, Plaintiff was forced to retain counsel; therefore, expending time and incurring attorney's fees to vindicate his rights.

## **CLASS ALLEGATIONS**

31. All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

32. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23, individually, and on behalf of all others similarly situated ("Putative Class").

33. The Putative Class is defined as follows:

> *All natural persons residing in the State of Illinois (a) that received a correspondence from Defendant containing similar settlement offer*

> *language highlighted in Paragraph 21; (b) within the one (1) year preceding the date of this complaint through the date of class certification; and (c) in connection with the collection of a consumer debt owed to BMO Harris Bank, N.A.*

34. The following individuals are excluded from the Putative Class: (1) any Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such executed persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

### A. Numerosity:

35. Upon information and belief, Defendant mailed no less than 40 similar letters to Illinois consumers.

36. The exact number of members of the Putative Class are unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable.

37. Members of the Putative Class can be objectively identified from records of Defendant to be gained in discovery.

### B. Commonality and Predominance:

38. There are many questions of law and fact common to the claims of Plaintiff and the Putative Class, and those questions predominate over any questions that may affect individual members of the Putative Class.

### C. Typicality:

39. Plaintiff's claims are representative of the claims of other members of the Putative Class.

40. Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as result of Defendant's conduct.

**D.     Superiority and Manageability:**

41. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

42. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

43. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

44. Economies of effort, expense, and time will be fostered, and uniformity of decisions ensured.

**E.     Adequate Representation:**

45. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

46. Plaintiff has no interests antagonistic to those of the Putative Class, and Defendant has no defenses unique to Plaintiff.

47. Plaintiff has retained competent and experienced counsel with substantial experience in consumer law.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

48. All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of 15 U.S.C. § 1692e

49. Section 1692e provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.

> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

50. Defendant violated 15 U.S.C. §§ 1692e and e(10) by using language that implied that Plaintiff only had a limited time to take advantage of a settlement offer, when, in fact, Defendant was likely to continue to renew their offer, and would certainly be pleased to collect Plaintiff's payment at any time.

51. Defendant's deliberate language reinforced the idea that if Plaintiff did not act immediately, he may lose the opportunity to do so forever.

52. Plaintiff believed that if he did not pay by the deadline, then he would have no future chance to settle his debt for less than the amount owed.

53. In *Evory v. RJM Acquisitions Funding LLC*, 505 F.3d 769 (7th Cir. 2007), the Seventh Circuit noted the tension between allowing creditors to use persuasive language to recover debts, and protecting unsophisticated consumers from "false, deceptive, or misleading representation." *See* 15 U.S.C. § 1692e(2)(A). *Evory*, 505 F.3d at 775-76. In other words, creditors often use language that implies that debtors only have a limited time to take advantage

of a settlement offer, when, in fact, most creditors continue to renew their offers, and would be pleased to collect a creditor's money at any time. As the opinion notes, "[t]o accommodate the competing goals of the statute, we fashioned a safe harbor that would protect the consumer 'against receiving a false impression of his options' while encouraging debt collectors to make settlement offers." *Evory*, 505 F.3d at 775-76. That safe harbor language is as follows: "We are not obligated to renew this offer."

54. The word "obligated" is strong and even the unsophisticated consumer will realize that there is a renewal possibility but that it is not assured.

55. Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692e and e(10) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1) any actual damage sustained by such person as a result of such failure;

(2)

    (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A. an order granting certification of the proposed class, including the designation of Plaintiff as the named representative, the appointment of the undersigned as Class Counsel, under the applicable provisions of Fed. R. Civ. P. 23;

B. a finding that Defendant violated 15 U.S.C. §§ 1692e and e(10);

C. an order enjoining Defendant from additional violation(s) of 15 U.S.C. §§ 1692e and e(10);

D. an award of any actual damages sustained by Plaintiff and the Members of the Putative Class as a result of Defendant's violation(s);

E. an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

F. an award of such amount as the Court may allow for all other class members, not to exceed the lesser of $500,00 or 1 per centum of the net worth of Defendant;

G. an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

H. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: October 26, 2020      Respectfully submitted,

**ANDRES DUARTE**

By: */s/ Joseph S. Davidson*

Joseph S. Davidson
LAW OFFICES OF JOSEPH P. DOYLE LLC
105 South Roselle Road
Suite 203
Schaumburg, Illinois 60193
+1 847-985-1100
jdavidson@fightbills.com